IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LARRY NALLS,

        Plaintiff,         :        Case No. 3-21-cv-238

 - vs -                              District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

                               :

        Defendants.

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS OF DEFENDANT MICHAEL BRUSH

Plaintiff Larry Nalls brought this action *pro se* to complain, *inter alia*, of actions of Attorney Michael Brush who was appointed to represent Nalls in a pending felony case in the Montgomery County Court of Common Pleas, *State v. Nalls*, Case No 20 CR 1992. Nalls has been indicted on eighteen counts with illegal use of a minor in nudity-oriented material or performance, unlawful sexual conduct with a minor having weapons under disability with a prior offense of violence, gross sexual imposition by force, and sexual imposition on a victim older than thirteen but less than sixteen with a prior conviction (Docket, Case No. 20-CR 1992, available at https://pro.mcohio.org; visited March 7, 2022). According to that docket, Nalls' case is set for trial March 21, 2022, before The Honorable Gerald Parker; Brush was permitted to withdraw as defense counsel July 20, 2021.

Plaintiff purports to bring this action for violation of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution and bases jurisdiction on his

1

assertion that the Complaint states a claim or claims arising under federal law (28 U.S.C. § 1331)(Civil Cover Sheet, ECF No. 1-1, PageID 10).

**Other Plaintiffs**

Defendant Brush first complains that Nalls has purported to bring this action on behalf of himself "and the undersigned." (Complaint, ECF No. 1, PageID 2). Brush notes that Nalls is not an attorney licensed to practice before this Court and therefore cannot bring a lawsuit on behalf of others. Plaintiff responds:

> Plaintiff is not attempting to represent for other Plaintiffs, nor practice law without a degree as alleged. Plaintiff is merely composer of the collective works of complaints of identical interest that, if Plaintiffs filed separately to this court, in forma paupis [sic], the complaints would, thereafter, be joined into class-action with appointment of counsel. Plaintiffs motion requesting this court appoint counsel was drafted handwritten and sent to concerned citizens for filing September 4, 2021 and just five days after filing of Plaintiffs' complaint to this court, which demonstrates Plaintiff's intent is not to represent in this matter but to seek counsel from this court for representation.

(Motion to Deny Motion to Dismiss, ECF No. 13, PageID 124). Although claiming he is not representing other persons, Nalls claims at Branch III of this same Motion to Deny to make arguments on behalf of "plaintiff Daniel Silveira." *Id.* at PageID 126. Nalls also attaches an Affidavit of Silveira detailing claims he has against Attorney Antony Abboud who apparently was retained to represent Silveira in another criminal case pending in the Montgomery County Court of Common Pleas (ECF No. 13-1). Nalls has also made arguments and filed papers on behalf of Charles Stutz and referred to him as a plaintiff.

The Court rejects Nalls' theory that as a degreed paralegal he can accumulate grievances

2

of other persons and then join them in a complaint with his own grievances and bring one lawsuit. Daniel Silveira and Charles Stutz are not plaintiffs in this case and Plaintiff Nalls is not authorized to make arguments or to sign or file papers on behalf of either of them. Messrs. Silveira and Stutz are of course free to sue on their own behalf. The question of whether the case should be certified as a class action is not now before the Court.

**Subject Matter Jurisdiction**

Defendant Brush moves, pursuant to Fed.R.Civ.P. 12(b)(1), to dismiss the case for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Capron v. Van Noorden*, 6 U.S. 126 (1804); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868)). Even if the parties fail to address jurisdiction in their briefs, "we are under an independent obligation to police our own jurisdiction." *Bonner v. Perry,* 564 F.3d 424, 426 (6th Cir. 2009) (quoting *S.E.C. v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001)).

In responding to the subject matter jurisdiction branch of Brush's Motion to Dismiss, Nalls reminds us that we are bound to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Doing so, the Magistrate Judge finds Nalls has alleged that Defendant Brush "colluded" with other Defendants to deprive him of his constitutional rights in his pending criminal case.

An appointed attorney, including a public defender, does not act "under color of state law" in defending an accused person in a criminal case. *Polk County v. Dodson* 454 U.S. 312 (1981). However, a defense attorney who intentionally conspires with state officials to obtain a conviction may be sued under 42 U.S.C. § 1983. *Tower v. Glover*, 467 U.S. 914 (1984).

This Court has subject matter jurisdiction to decide cases arising under 42 U.S.C. § 1983 which was adopted as part of the Act of April 20, 1871 (also known as the Ku Klux Klan Act), and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief

4

> shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a federal constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978); *Monroe v. Pape*, 365 U.S. 167 (1961). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158 (1992). In order to be granted relief, a plaintiff must establish that the defendant deprived him of a right secured by the U.S. Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

Because Nalls alleges that Brush "colluded" with various state actors to deprive him of his constitutional rights and such a conspiracy is actionable under 42 U.S.C. § 1983, the Court has subject matter jurisdiction to adjudicate that claim.

**Failure to State a Claim/Abstention**

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has been re-stated by the Supreme Court as follows:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice

5

> and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558; see also *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Doe v. Miami University,* 882 F.3d 579 (6th Cir. 2018), quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), in turn quoting *Twombly*, 550 U.S. at 570.

The standard governing a § 1983 conspiracy claim is

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged

6

>coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Heyne v. Metropolitan Nashville Public Schools*, 655 F.3d 556 (6th Cir. 2011), *quoting Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)(*quoting Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). Although circumstantial evidence may prove a conspiracy, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Hooks, quoting Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *accord Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). That pleading standard is "relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

The gravamen of Nalls' claim against Brush is that Brush failed to deliver to Nalls a set of documents identified as Exhibits A-N[1] which would allegedly exonerate him by proving that a prior conviction was wrongful (Motion to Deny Motion to Dismiss, ECF No. 13, PageID 125 et seq.) In addition, Brush is alleged to have filed a meritless motion to suppress and motions for continuance which are alleged to have had the effect of violating Nalls' right to a speedy trial. Taken together, these allegations amount to a claim that Brush provided ineffective assistance of trial counsel in the pending case.

Although Nalls fairly concretely alleges the acts taken or omitted by Brush, he has not sufficiently pleaded a conspiracy with state actors to do these acts with the motive of having Nalls convicted. All that Nalls does to allege a conspiracy is to add the label "collusion" to Brush's acts (See Motion to Deny Motion to Dismiss, ECF No. 13, PageID 125-26). When two or more actors participate in an event or series of events, such as a criminal prosecution, and some other actor

---

[1] This Court is unaware when these documents acquired those exhibit identifications.

(e.g. the defendant in such a prosecution) feels aggrieved by the outcome, it is easy to label what has happened as a "conspiracy." But in the absence of some pleaded material facts to support that label, Nalls has failed the "fairly strict" pleading requirements for § 1983. Obviously the fact that Nalls asserts that Brush has received a pejorative nickname from Montgomery County Jail inmates is insufficient.

Aside from the conclusory nature of Nalls' conspiracy allegations, his § 1983 claims against Brush are barred by the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994).

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."

*Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). *Heck* blocks a state prisoner's § 1983 claim if its success "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487, 114 S.Ct. 2364. The idea is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005); *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019). Nalls has not yet been convicted in the Common Pleas case, but an adjudication in this Court of Nalls' claims against Brush would render any such conviction invalid by determining that Brush has provided ineffective assistance of trial counsel.

Indeed, Brush's attempt to get this Court to intervene in pending criminal prosecutions in the Montgomery County Court of Common Pleas goes further. On November 16, 2021, Nalls filed a Request for Injunction (ECF No. 15) asking this Court to intervene in the pending criminal case against Charles D. Stutz, accompanied by an Affidavit of Stutz complaining of a hearing held

before his assigned trial judge and requests:

> Plaintiff respectfully request this Honorable Court issue an injunction ordering the Defendants to immediately cease threats against, intimidation of, and tampering with Plaintiffs, including, but not limited to. the questioning and or conducting of hearings in Common Pleas Court with Plaintiffs on any and all matters that are pending before this Federal District Court of his being questioned in open court by Judge Dennis Adkins in the presence of Mr. Brush about his allegations against Brush in this case.

*Id.* at PageID 145.

This Court's intervention by injunction in pending state criminal cases is absolutely barred by *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from exercising federal question jurisdiction where (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n.,* 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995); *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989). *Ohio Civil Rights Com. v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Defendant Brush's Motion to Dismiss be GRANTED.

March 8, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

9

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #