IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LARRY NALLS,

        Plaintiff,   :   Case No. 3-21-cv-238

- vs -   District Judge Thomas M. Rose
  Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

         :

        Defendants.

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS OF RION, RION, AND RION

Plaintiff Larry Nalls brought this action *pro se* to complain, *inter alia*, of actions of Rion, Rion, & Rion, L.P.A. Inc. (the "Rion Firm"). The Rion Firm has moved to dismiss the Complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), failure to plead a claim of fraud with sufficient particularity under Fed.R.Civ.P. 9(b), and as barred by *res judicata* (Motion, ECF No. 7). Plaintiff opposes the Motion (Motion to Deny Motion to Dismiss, ECF No. 13).

**Subject Matter Jurisdiction**

Plaintiff purports to bring this action for violation of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution and bases jurisdiction on his assertion that the Complaint states a claim or claims arising under federal law (28 U.S.C. §

1

1331)(Civil Cover Sheet, ECF No. 1-1, PageID 10).

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Capron v. Van Noorden*, 6 U.S. 126 (1804); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868)). Even if the parties fail to address jurisdiction in their briefs, "we are under an independent obligation to police our own jurisdiction." *Bonner v. Perry,* 564 F.3d 424, 426 (6th Cir. 2009) (quoting *S.E.C. v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001)).

Federal courts are bound to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Doing so, the Magistrate

Judge finds Nalls has alleged that Defendant Rion Firm "colluded" with other Defendants to deprive him of his constitutional rights when he retained two of the lawyers in that firm to represent him in a habeas corpus action in this Court, *Nalls v.Warden*, Case No. 3:02-cv-470.

The docket in that case shows that John Hayes Rion and Jon Paul Rion entered their appearances as retained counsel in substitution for appointed counsel Anne Catherine Harvey on July 17, 2003 (ECF No. 26).  On September 27, 2003, Chief Judge Walter Rice adopted, without any objection by Nalls, a recommendation that the case be dismissed as barred by the statute of limitations (ECF No. 31).  The undersigned had previously denied a motion for evidentiary hearing (ECF No. 30) and also denied a post-judgment motion to revisit that ruling (ECF No. 35).  Neither the undersigned nor Judge Rice ever granted Nalls an evidentiary hearing in that case.  Nalls' guesses about what the results of such a hearing would have been are purely speculative.

The Rion Firm points out that its representation of Nalls in this case was not behavior of a state actor so as to permit invocation of 42 U.S.C. § 1983.  As the Magistrate Judge has already held, however, the Court does have jurisdiction over a claim that a private actor has conspired or colluded with government actors.  (See Report and Recommendation on Motion to Dismiss of Defendant Brush, ECF No. not yet assigned, citing *Tower v. Glover*, 467 U.S. 914 (1984)).  On that basis, the Fed.R.Civ.P. 12(b)(1) branch of the Rion Firm's Motion should be denied.

***Res Judicata***

The Rion Firm also argues Nalls' claims against it are barred by the doctrine of *res judicata* because of the final judgment dismissing with prejudice Nalls' legal malpractice claims against John H. and Jon Paul Rion (Motion, ECF No. 7, PageID 55 et seq.).

Nalls does not dispute that his 2004 legal malpractice actions against the Rions arose out of the same transaction as his claim against them in this case. The Ohio courts have concurrent jurisdiction with this Court over claims arising under 42 U.S.C. § 1983, *Howlett v. Rose*, 496 U.S. 356 (1990), so Nalls could have brought the claims made here in the same action. Nalls does not deny that the Common Pleas Court entered final judgment in that case, dismissing it with prejudice. 28 U.S.C. § 1738 requires this Court to give the same effect to a final state court judgments as would be given by the courts of the judgment-rendering State. *Allen v. McCurry*, 449 U.S. 90 (1980). There is no doubt that the Ohio courts would give final preclusive effect to a judgment dismissing the 2004 case on summary judgment. Nalls responds that the Rion Firm never sent him the motion for summary judgment (ECF No. 13, PageID 124). Assuming that is true, that judgment remains outstanding and Nalls does not claim that at anytime in the last almost twenty years he has done anything to get the judgment set aside.

**Failure to State a Claim**

The Rion Firm also moves to dismiss under Fed.R.Civ.P. 12(b)(6) on the ground that the Complaint does not state a claim against it on which relief can be granted. The Magistrate Judge agrees that the allegations against the Rion Firm of collusion to violate Nalls' constitutional rights are as vague and conclusory, if not more so, than those made against Defendant Michael Brush. On the analysis and authority set forth in the Report and Recommendation on Brush's Motion to Dismiss (ECF No. to be assigned), the Rion Firm's Motion to Dismiss on this basis should also be granted.

**Failure to Plead Fraud with Particularity**

The Rion Firm also moves to dismiss under Fed.R.Civ.P. 9(b) for failure to plead fraud with particularity. The Magistrate Judge does not read the Complaint as attempting to plead a fraud claim.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Rion Firm's Motion to Dismiss be overruled insofar as it claims lack of subject matter jurisdiction, but sustained insofar as it claims a failure to state a claim on which relief can be granted and also sustained on the basis of *res judicata*. The claim that the Complaint fails to plead fraud with particularity is moot.

March 8, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.