# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY NALLS,

        Plaintiff,    :    Case No. 3-21-cv-238

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

    :

    Defendants.

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS OF ANTONY A. ABBOUD; ORDER QUASHING PROCESS

Plaintiff Larry Nalls brought this action *pro se* to complain, *inter alia*, of actions of Attorney Antony A. Abboud. The case is before the Court on Attorney Abboud's Motion to Dismiss (ECF No. 5). According to Plaintiff Nalls' response,

> Abboud, after being retained August 5, 2020 by plaintiff Daniel Silveira (Silveira) immediately joined collusion with the State of Ohio, knowingly and intentionally, to violate federal law and United States Constitutional rights guaranteed to Silveira.
>
> The Sixth Amendment to the United States Constitution guarantees "the right to a speedy and public trial" in all criminal prosecutions. Continuances are to be granted in open court, only for good reason, and only in the interest of justice. (18 U.S.C. Section 3161(h) (7). Abboud filed for and was rubberstamp granted continuances on 9-3, 9-17, 10-23, and 11-12; each in 2020. Abboud filed motion for discovery on 8-26-2020, but then again filed and was granted continuance on 9-3-2020 stating "discovery" as the reason. Each of the other three (3) continuances filed and rubber-stamp granted were and remain void of any reason at all for the continuance. Silveira was not inquired or advised of adverse effects of continuances prior to nor subsequent to the filings.

1

(Motion to Deny Motion to Dismiss, ECF No. 13, PageID 126).

There are only two ways in which a person may appear in federal court as a party: either *in propria persona* ("in his own person") or through a licensed attorney admitted to practice before that court. As to purported Plaintiff Daniel Silveira, Plaintiff Larry Nalls is neither.

Apparently relying on his experience as a paralegal, Nalls gathered together a number of persons now awaiting trial in the Montgomery County Jail, persuaded them to contribute to the filing fee he paid in this case, and then aggregated their claims with his and filed one lawsuit, expecting or hoping to obtain class certification and appointed counsel.

But that is not a lawful way of proceeding. In particular Nalls had no authority to file a complaint on behalf of Daniel Silveira. His act of doing so is absolutely null and utterly void; it has no effect on the rights of Daniel Silveira who is therefore **not** a plaintiff in this case. To the extent Nalls represented to Silveira that he could proceed in this way, Nalls has committed fraud.

Because each and every act by Nalls purportedly on behalf of Silveira was *ultra vires*, it is of no force and effect. If Silveira believes he has a valid claim against Abboud, he may file it himself *in propria persona* or through an attorney licensed in this Court. As to Silveira, the Complaint should be dismissed without prejudice to preserve Silveira's lawful options.

The Court notes that service of process was made on Attorney Abboud by Joyce Oglesby whom Nalls has identified as acting on his behalf. Because Nalls had no power to intermeddle in the relationship between Abboud and Silveira, his act of instructing Ms. Oglesby to serve process on Abboud is an abuse of process for which Nalls may be liable in damages. In any event the Summons served on Attorney Abboud is QUASHED.

Plaintiff is ordered to serve a copy of this Report on Ms. Oglesby and file a certificate with the Court that he has done so.

Nalls is cautioned that his continuing to act on behalf of others by signing, and filing papers and making arguments is in contempt of this Court any may be sanctioned as such.

**Conclusion**

Insofar as it purports to make claims on behalf of Daniel Silveira and against Antony Abboud, the Complaint should be dismissed without prejudice.

The Summons issued by the Clerk as to Antony Abboud is quashed as is the service of that process on Mr. Abboud by Ms. Oglesby.

March 9, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #