IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LARRY NALLS,

        Plaintiff,     :    Case No. 3-21-cv-238

 - vs -                        District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

                               :

        Defendants.

## ORDER QUASHING PROCESS AND SERVICE OF PROCESS ON THE MONTGOMERY COUNTY CLERK OF COURTS; ORDER TO THE CLERK; REPORT AND RECOMMENDATION

Plaintiff Larry Nalls brought this action *pro se* to complain, *inter alia*, of actions of the State of Ohio in a pending felony case in the Montgomery County Court of Common Pleas, *State v. Nalls*, Case No 20 CR 1992. Nalls has been indicted on eighteen counts with illegal use of a minor in nudity-oriented material or performance, unlawful sexual conduct with a minor having weapons under disability with a prior offense of violence, gross sexual imposition by force, and sexual imposition on a victim older than thirteen but less than sixteen with a prior conviction (Docket, Case No. 20-CR 1992, available at https://pro.mcohio.org; visited March 7, 2022). According to that docket, Nalls' case is set for trial March 21, 2022, before The Honorable Gerald Parker.

Plaintiff purports to bring this action for violation of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution and bases jurisdiction on his

1

assertion that the Complaint states a claim or claims arising under federal law (28 U.S.C. § 1331)(Civil Cover Sheet, ECF No. 1-1, PageID 10).

The case is before the Court on Motion of the Clerk of the Montgomery County Court of Common Pleas to Dismiss for Insufficient Service of Process and failure to state a claim upon which relief can be granted (Motion, ECF No. 18).  The Motion notes that the State of Ohio is named as a Defendant in this case, but the Montgomery County Clerk of Courts is not and there are no allegations of any actions of any kind by the Clerk.

The duly elected, qualified, and acting Montgomery County Clerk of Courts is Mike Foley who maintains offices at 301 West Third Street, Dayton, Ohio.  The docket shows that at the instance of Plaintiff Larry Nalls, the Clerk of this Court issued a Summons to Defendant State of Ohio but then listed the location at which the State was to be served as "Montgomery County Common Pleas Court, 301 West Third Street, Dayton, Ohio 45422." (ECF No. 2, PageID 11).  The Summons was issued to Joyce Oglesby who Plaintiff has identified as a person who assembles and handles papers for him (Proof of Service, ECF No. 4).  On November 3, 2021, Ms. Oglesby purported to make service on the State of Ohio by delivering the Summons to "Melala with braids" at the offices of the Clerk at 301 West Third Street, Dayton (ECF No. 14).

Plaintiff opposes the Motion to Dismiss (ECF No. 22).  He avers:

> Service of a properly filed Complaint and duly issued Summons directed to the State Of Ohio was made upon Defendant State Of Ohio by personal service on November 3, 2021 at 301 West Third Street, Dayton, Ohio 45422, which address is the Dayton-Montgomery County Courts Building consisting of State of Ohio elected governmental entities, including the fifth floor office of Matias [sic] H. Heck, Jr. (hereafter, "Heck") Prosecuting Attorney for Montgomery County, of whom the State of Ohio has invested with executive authority to accept any and all complaints given [sic] rise in Montgomery County and, thereafter, to investigate, prosecute, administer justice and punishment accordingly, even unto

> life imprisonment and death by execution, acting under the color and
> in the name of the "State Of Ohio."

(Plaintiff's Reply, ECF No. 22, PageID 178).

Plaintiff insists that he has not sued Mike Foley, the Montgomery County Clerk of Courts. *Id.* The Court agrees; the Complaint names the State of Ohio as a Defendant, not Mr. Foley. There is no evidence as a matter of fact that the State of Ohio has named the Clerk of Courts as its agent for service of process and Ohio law does not do so[1].

Because the Summons in question directs that service be made on the State of Ohio – Montgomery County Common Pleas Court – 301 West Third Street, Dayton, Ohio 45422 – and that is not the address of the State of Ohio, the Summons is QUASHED. Because service of process on "Melala with braids," presumably a deputy clerk of courts, is not proper service of process on the State of Ohio, service of the Summons is likewise QUASHED. Because the Montgomery County Clerk of Courts, Mike Foley, is not a party to this litigation, his Motion to Dismiss should be denied as moot.

**Order to the Clerk**

Under Fed.R.Civ.P. 4(b), the Clerk must issue process "if the summons is properly completed." Because process has already been issued and served in this case which has turned out to be improper, the Clerk is directed not to issue any further process or alias process in this case presented by Plaintiff until a judge has determined whether it is "properly completed."

---

[1] In her Proof of Service, Ms. Oglesby represents that "Melala with braids" has been designated by law to accept service of process on behalf of the Montgomery County Common Pleas Court." (ECF No. 14, PageID 141). The Court is unaware of any Ohio law designating a deputy clerk of court (which the Court assumes "Melala with braids" to be) as a person authorized to accept service on behalf of the Common Pleas Court when it is sued as an entity. Nor has she been shown to be authorized to accept service on behalf of the State of Ohio.

3

**Conclusion**

The Court having quashed both process and service of process on the Montgomery County Clerk of Courts, his Motion to Dismiss should be denied as moot.

March 9, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #