# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY NALLS,

        Plaintiff,   :  Case No. 3-21-cv-238

- vs -         District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

  :

        Defendants.

## DECISION AND ORDER ON NON-DISPOSITIVE MOTIONS; REPORT AND RECOMMENDATION ON MOTION FOR INJUNCTION

This civil action, brought *pro se* by Plaintiff Larry Nalls is before the Court on a number of motions.

**Motion to Order Opposition (ECF No. 10)**

**Motion to Amend Request for Appointment of Counsel (ECF No. 12)**

These documents, which purports to be a motion to "order opposition," in fact renew a prior motion for appointment of counsel (ECF No. 8). That prior motion was denied by Magistrate Judge Peter B. Silvain, Jr (ECF No. 9). This new Motion complains of the difficulty of gaining access to legal materials and concludes "Plaintiffs respectfully request appointment of counsel in this class action matter." (ECF No. 10, PageID 64).

1

As several prior filings by the Magistrate Judge in this action hopefully makes clear (1) there are no plaintiffs in this case except Mr. Nalls and (2) there has been no class certification or even a motion for class certification. Therefore the renewed requests for appointment of counsel are DENIED.

**Motion to Enter Default (ECF No. 11)**

Despite being labeled a Motion to Enter Default, the instant Motion does not demonstrate that any Defendant is in default. It is therefore DENIED.

**Request for Injunction (ECF No. 15)**

This filing complains of actions taken by Montgomery County Common Pleas Judge Dennis Adkins in the case of the State of Ohio against Charles Stutz, questioning Stutz in open court and in the presence of Attorney Michael Brush about allegations made in the Complaint in this case.

The Request is STRICKEN for the following reasons. First, Plaintiff Nalls is not an attorney at law admitted to practice before this Court (or any court, so far as this Court is advised). As such he is unauthorized to sign or file any documents or argue on behalf of any other person. Second, Mr. Stutz is not a party to this litigation.

Although the Request is stricken, the Magistrate Judge also notes that any attempt to have this Court interfere by injunction in a pending prosecution in the Common Pleas Court is barred by *Younger v. Harris*, 401 U.S. 37 (1971).

**Motion to Amend Motion for Junction [sic] (ECF No. 20)**

In this document Plaintiff Nalls complaints of actions taken by the Montgomery County Jail and Common Pleas Judge Gerald Parker toward Daniel Silveira, a defendant in a pending criminal action in the Montgomery County Court of Common Pleas who has been Nalls' cellmate. The Motion is STRICKEN as to Silveira because (1) neither Judge Parker nor the Montgomery County Sheriff is a party to this case; (2) as a non-lawyer, Nalls is unauthorized to sign, file, or make arguments on behalf of another person, (3) Silveira is not a party to this case.

As to Plaintiff Nalls, the Motion for Injunction should be denied as barred by *Younger v. Harris*, 401 U.S. 37 (1971).

March 10, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.