# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY NALLS,

                Plaintiff,          :    Case No. 3-21-cv-238

   - vs -                     District Judge Thomas M. Rose
                             Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

                             :

                Defendants.

# SUPPLEMENTAL REPORT AND RECOMMENDATION

This civil action, brought *pro se* by Plaintiff Larry Nalls is before the Court on recommittal by Judge Rose (ECF Nos 31, 32) in response to Plaintiff's Objections  to "Decision and Order Non-depositive [sic] Motions, Report and Recommendation on re Doc (s)No. 10, 11, 12, 15, 20, 24, 25, 26, 27, and 2[8]." (ECF No. 30).

Rather than file specific objections to particular proposed findings of fact and recommended conclusions, "Plaintiff objects to any and all Orders, Report And Recommendations, and Striking's thereof adverse to Plaintiff contained in DOC(s) No.: 10, 11, 12, 15, 24, 25, 26, 27, and 28; request that each be overruled, and that this court Order this action in its entirety to proceed to discovery and, thereafter, trial."  (ECF No. 30, PageID 226-27).

The failure to file specific objections is forfeits the right to raise issues on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Alspugh v. Mcconnell,* 643 F.3d 162, 166 (6th Cir. 2011);  *Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004); *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th

Cir. 1999); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d

947 (6th Cir. 1981).

> Under the *Walters* rule, only specific objections to the Report will
> be preserved for appellate review. *Smith v. Detroit Fed'n of
> Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). This is
> because our "function is to review the case presented to the district
> court, rather than a better case fashioned after a district court's
> unfavorable order." *Hall v. Warden, Lebanon Correctional Inst.*,
> 662 F.3d 745, 753 (6th Cir. 2011) (internal quotation marks and
> citation omitted).

*Henson v. Warden,* 2015 U.S. App. LEXIS 13444 *7 (6th Cir. 2015); *Willis v. Sullivan*, 931 F.2d

390, 401 (6th Cir. 1991).

Consistent with this specificity requirement, this Supplemental Report will discuss only

those issues where Plaintiff has made a specific objection.

**This is Not a Class Action**

The Complaint names only Larry Nalls as a plaintiff but has an attached list of nine

signators whom Nalls represents have asked to be added to this litigation. Actually, their statement

is "I want to be added to the class action" captioned Nalls v. State of Ohio (ECF No. 1, PageID 8).

The granting of class action status is governed by Fed.R.Civ.P. 23. Nalls, who seeks to represent

the class as lead plaintiff or a representative party, has never filed a motion for certification of a

class, much less received a class certification. Moreover, Nalls is not an attorney and has no

authority to speak on behalf of other persons.

**Defendant Michael Brush**

Michael Brush is an attorney at law previously appointed to represent Plaintiff is his pending criminal case in the Montgomery County Court of Common Pleas.  He moved to dismiss the Complaint on the grounds it failed to state a claim on which relief could be granted (ECF No. 6) which the Magistrate Judge recommended should be granted (ECF No. 25).  Nalls' objection reads in part:

> During the span of and up to two (2) weeks short of an entire year of pretrial detainment, the court-appointed counsel, Brush, had visited Plaintiff only once and for approximately twelve (12) minutes, which visit was at the onset of appointment, via telephone, and with counsel and plaintiff separated by a sheet of glass. This same tactic of leaving criminal defendants languished in pretrial detention with inattention by counsel and the court doing nothing to advance defendants' cases is a commonplace occurrence in Montgomery County, Ohio, designed to frustrate the judicial process, exhaust the defendant, and bludgeon a plea from the defendant in violation of the defendants' federal constitutional rights.

 (Objections, ECF No. 30, PageID 220).  He then complains that Brush has received certain documents (Exhibits A-N) from the Domestic Relations Court which allegedly prove Nalls' innocence.

The relevant Report and Recommendation concluded this Court had subject matter jurisdiction because Nalls was alleging a conspiracy among state actors in the course of his prosecution.  However, the Report found Nalls fails to allege sufficient material facts in support of his conspiracy claim and that his § 1983 claims were barred by *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994).  The Objections do not add any additional facts and do not respond in any way to the *Heck v. Humphrey* bar.  The Magistrate Judge continues to recommend Michael Brush be dismissed as a Defendant.

3

Plaintiff also sought an injunction to prevent Common Pleas Judge Dennis Adkins from questioning Charles Stutz about Stutz's allegations in an Affidavit filed in this case but implicating Brush alleged by Plaintiff. Plaintiff requested, on behalf of Mr. Stutz:

> Plaintiff respectfully request this Honorable Court issue an injunction ordering the Defendants to immediately cease threats against, intimidation of, and tampering with Plaintiffs, including, but not limited to. the questioning and or conducting of hearings in Common Pleas Court with Plaintiffs on any and all matters that are pending before this Federal District Court of his being questioned in open court by Judge Dennis Adkins in the presence of Mr. Brush about his allegations against Brush in this case.

(ECF No. 15, PageID 145).

Because Stutz has a criminal case pending before Judge Adkins in which Attorney Brush represents him, the relevant Report recommended denying the injunction. Nalls objects that he was not trying to get this Court to intervene in a pending case in the Common Pleas Court, but trying to prevent witness tampering in this case (Objections, ECF No. 30, PageID 222).

The Magistrate Judge believes the facts speak for themselves. The injunction if granted would prevent a Common Pleas Judge from questioning a defendant in a case assigned to him in open court in the presence of his counsel about relevant facts. Those facts some squarely within the bar of *Younger v. Harris*, 401 U.S. 37 (1971), on which the Report relies and to which Nalls make no response. The Magistrate Judge continues to recommend the requested injunction be denied.

**Defendant Rion Law Firm**

Nalls also sued the Rion Law Firm which moved to dismiss (ECF No. 7). Because a lawsuit accusing the Rion Firm of legal malpractice for its representation of Nalls in a prior habeas corpus

case had been dismissed with prejudice, the Magistrate Judge recommended upholding a defense of *res judicata* (Report, ECF No. 26, PageID 204-05).

Nalls objects that the state court which dismissed his case acted in collusion with the Rion firm and its judgment is thereby null (Objections, ECF No. 30, PageID 223). Nalls presents no evidence that he has ever filed anything in any court to get the judgment set aside. This Court cannot ignore the prior judgment on Nalls' conclusory assertion it is void.

As part of his objections to Rion's proposed dismissal, Nalls insists that in his prior habeas case Judge Rice rejected the undersigned's recommendation that the case be dismissed and granted Nalls an evidentiary hearing for which he retained the Rion firm. Nalls' assertions are flatly contradicted by the record in the prior case, Case No. 3:02-cv-470. Nalls moved for an evidentiary hearing (ECF No. 28) but the undersigned denied it (ECF No. 30). It was the undersigned who appointed Attorney Anne Harvey to represent Nalls (ECF No. 24). There is no entry from Judge Rice granting an evidentiary hearing nor any entry from him rejecting any report from the undersigned. The case was dismissed by Judge Rice (ECF No. 31) adopting a report by the undersigned recommending that result (ECF No. 31, 32). Nalls' reconstruction of the events of the prior habeas case has no foundation in the case files.

**Defendant Attorney Antony Abboud**

Nalls also sued Attorney Antony Abboud over Abboud's representation of Daniel Silveira in a pending criminal case in the Montgomery County Court of Common Pleas. Abboud moved to dismiss (ECF No. 5). In response the undersigned addition quashed service of process on Abboud because Nalls had no authority to have process issued on Silveira's behalf (Report, ECF

No. 27).  In his Objections, Nalls asserted he and Silveira had become like family during the sixteen months they were cellmates and Silveira requested process be served on Abboud (ECF No. 30, PageID 225).  Being someone's cellmate does not authorize a person to cause process to be served on behalf of that person.

Noting that process had been served on Abboud by a Joyce Oglesby who acts as a document handler for Nalls, the Court warned that she was not authorized to do so.  Nalls claims this behavior by the Magistrate Judge may discourage people from assisting Plaintiff.  *Id.* That was in fact the Court's purpose.  Daniel Silveira is not a plaintiff in this case; serving process on his behalf is an abuse of process.  Process issued by the Clerk of this Court is in the name of the Court and commands the person served to defend.  Because Silveira is not a party, Ms. Oglesby was not authorized to service process on him.  And of course Nalls admits he was at the center of organizing this unauthorized act.  Nalls has offered no legal reason why the process issued to Attorney Abboud should not have been quashed.

**The State of Ohio**

The Complaint names the State of Ohio as a Defendant.  The Montgomery County Clerk of Courts filed a Motion to Dismiss.  On November 3, 2021, Plaintiff filed a Proof Service advising that the Defendant State of Ohio had been served. (ECF No. 14). This Proof of Service is difficult to read but states that the summons was for "State of Ohio Montgomery County Common Pleas Court." The Proof of Service also states that the summons was served upon "Melala, with braids, Clerk of Courts", and asserts that this individual is designated by law to accept service of process on behalf of "Montgomery County Common Pleas Court." *Id.*  This Proof of Service was signed

by Joyce Oglesby. Both the Proof of Service and the Complaint name the "State of Ohio" as a Defendant and list the State of Ohio's address as "Montgomery County Common Pleas Court, 301 W. Third Street, Dayton, Ohio 45422."

Noting that Nalls had not sued the Clerk of Courts, but rather the State of Ohio and that the State had not authorized the Clerk to accept service on its behalf, the Magistrate Judge quashed the service (ECF No. 28).

Nalls objects:

> The Summons directs that service be made on the "State Of Ohio"; names the building on the second line of the address as "Montgomery County Common Pleas Court"; on the third Ime is the address "301 West Third Street"; and finally on the fourth line is "Dayton, Ohio 45422." The address for the Montgomery County Prosecutor for the State of Ohio is also "301 West Third Street, Dayton, Ohio 45422," as indicated on "State Of Ohio's List Of Witnesses" Docket ID: 35891813, which states, in part, "Comes now the State of Ohio, by the prosecutor of Montgomery County Ohio... In addition to the above, the State reserves the right to call all persons... " (Available at https://pro. mcohio. org). The Summons and Complaint was hand-delivered to the address, of which was accepted and received, and the Summons and Complaint was properly in-house delivered to the prosecutor, as evident by the prosecutor's timely reply to said Summons and Complaint, although the prosecutor replied under the pretext of attorney for "Clerk of Court" but while presenting and thoroughly arguing the case for the State of Ohio. Additional service on the State of Ohio was made to: Office of the Ohio Attorney General; State Representative Mike Turner; State Representative, Washington, D. C.

(Objections, ECF No. 30, PageID 225).

Each assertion in this paragraph, whether express or implied, requires a response:

1. **State of Ohio**

Nalls has named the State of Ohio as a Defendant. This Court is barred by the Eleventh Amendment from asserting jurisdiction over a State of the United States by the Eleventh Amendment which provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793).

It has been construed to bar suits against a State by its own citizens. *Papasan v. Allain,* 478 U.S.

265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651 (1974);

*Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982). Nalls cannot sue the State

of Ohio regardless of delivering process and a copy of the Complaint to someone who "represents"

the State of Ohio.

### 2. County Prosecutor as Representative of the State

Nalls claims Matt Heck represents the State of Ohio because as County Prosecutor,

he has signed papers in Nalls' criminal case, e.g., the State's witness list. It is true that Heck as

county prosecutor "represents" the State in all felony criminal cases. But this does not make Heck

an agent of the State for service of process in a federal civil case.

### 3. Clerk of Courts as Representative of the State

As shown by Ms. Oglesby's "proof of Service," the Summons and Complaint

directed to the State of Ohio was actually to a Deputy Clerk of Courts. Proper service of papers

after the Summons and Complaint to be filed in a case in the Montgomery County Court of

Common Pleas can be made by delivering those papers to a deputy clerk of that Court. But no law

makes the Clerk of Courts or his deputy a proper person on whom to make services of a Summons

and Complaint issuing from federal court.

### 4. Mike Turner as a Representative of the State

Nalls lists Mike Turner as a State Representative. The Court takes judicial notice

that Mike Turner is and has been for many years a United States Congressman representing first

the Third and now the Tenth Congressional District.  He is not a State Representative.  Even if he

were, that would not authorize him to accept services of process on behalf of the State.

### 5. The Common Pleas Court as a Defendant

The Montgomery County Court of Common Pleas is not *sui juris*, that is it is not a

suable entity.  An Ohio common pleas court is not a segment of county government, but an arm of

the State for purposes of § 1983 liability and the Eleventh Amendment.  *Mumford v. Basinski*, 105

F.3d 264, 267 (6th Cir. 1997).

### 6.      The Bottom Line

Ms. Oglesby's delivery of a Summons and Complaint directed to the State of Ohio

to Deputy Clerk Melala did not effect proper service of process on any entity.


### Transfer Order


Nalls objects to the transfer of the Magistrate Judge reference in this case from The

Honorable Perter B. Silvain, Jr., to the undersigned (ECF No. 30, PageID 226).  The grounds of

this Objection appear to be that the undersigned was the Magistrate Judge assigned to his prior

habeas corpus case, Case No. 3:02-cv-470[1].  Nalls asserts:

> The 2003 Report And Recommendation that was overruled by Judge
> Rice, subsequent to the Objection filed pro se by Plaintiff for
> Evidentiary Hearing, is the same 2003 report and recommendation
> by Magistrate Merz, and it was during the magistrate's guidance,
> direction, and control of the proceedings that Plaintiffs opportunity
> for the evidentiary hearing was arbitrarily thwart, despite a plethora
> of evidence that included, but was not limited to: *Brady* violations
> for the withholding of evidence; prosecutor Linda Howland
> threatened two witnesses not to come to testify as Plaintiffs 1989

---

[1] This Court switched to electronic filing September 1, 2003.  Filings from before that date were on paper and the paper files were archived in Chicago, Illinois, in 2008. Paper filings in the case are thus not available for immediate inspection and the Court must rely on docket entries.

> trial, and that doing so would result the witnesses being criminally charged for drug involvement; two (2) sworn affidavits of Anthony Martin, who was the State's only eye-witness to the alleged 1989 rape, in which Anthony Martin detailed that detectives first, and then the prosecutor Linda Howland, threatened and coerced him to, and that he did, testify falsely during Plaintiffs 1989 trial that Plaintiff "made him have sex" with the alleged victim; the judge's denial of Plaintiffs request for DNA testing, stating that such DNA testing would "not be conclusive" due to the evidence and record show that the Plaintiff "did not have sex with the victim. "

(Objections, ECF No. 30, PageID 226).

Nalls' reconstruction of the history of his prior case is contradicted in almost every instance by the docket. On April 24, 2002, the undersigned recommended the case be dismissed as barred by the statute of limitations (Doc. No. 19). Judge Rice never rejected that Report. Instead, considering Nalls' Objections, the undersigned withdrew the Report and appointed Attorney Anne Catherine Harvey to represent Nalls (Doc. Nos. 23 and 24). About six weeks later, Nalls hired the Rion Firm and they substituted for Ms. Harvey (Doc. No. 26). On August 26, 2003, the undersigned denied Nalls' motion for evidentiary hearing and again recommended that the Petition be dismissed as barred by the statute of limitations (Doc. No. 30). Nalls filed no objections and Judge Rice adopted the Report and dismissed the case (Doc. No. 31).[2]

Over a month later, Nalls' filed a *pro se* Motion for Leave to File a Delayed Response (ECF No. 33). The Warden opposed the Motion (ECF No. 34) and the undersigned denied it (ECF No. 35). Nalls filed no objection to that decision and nothing further was filed in the case.

It is correct that the undersigned denied an evidentiary hearing (ECF No. 30), but there is no docketed entry of Judge Rice's overruling that decision nor indeed that Nalls ever opposed it.

Nalls claims in his Objections that Judge Rice overruled my denial of an evidentiary hearing but he offers no proof. He claims it was Judge Rice who appointed Anne Harvey, but the

---

[2] This is the first electronically filed document in the prior case.

docket shows it was the undersigned. He offers no proof at all of any threats to anyone by Linda Howland or of any *Brady* violations, nor of the existence of any sworn affidavits of Anthony Martin. Nor has he shown that any of the undersigned's actions in that case were disapproved by Judge Rice. Nor did he appeal from dismissal of that case.

Nalls is certainly correct, as the docket confirms, that the undersigned decided he was not entitled to any relief in the prior case; the Petition was barred by the statute of limitations. But judging a prior habeas corpus case of a petitioner does not disqualify the judge from presiding in a later case involving the same person. Even when a judge is reversed in a criminal case, the courts of appeal commonly remand the case for re-trial by the same judge. Flamm, Judicial Disqualification 2d § 25.99, citing *In re Antar*, 71 F.3d 97 (3rd Cir. 1995), overruled on other grounds *Smith v. Berg,* 247 F.3d 532, 534 (3rd Cir. 2001).

Nalls has not shown that the transfer of the Magistrate Judge reference to the undersigned was unlawful. His objection to the transfer and his request that orders and/or reports entered by the undersigned (ECF Nos. 10, 11, 12, 15, 24, 25, 26, 27, and 28) be rejected or overruled should be denied.

April 3, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.