## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

LARRY NALLS,

                 Plaintiff,           :     Case No. 3-21-cv-238

    - vs -                              District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

                                 :
                 Defendants.

## DECISION AND ORDER ADOPTING MAGISTRATE JUDGE REPORT AND RECOMMENDATIONS AND DENYING MOTION FOR CLASS CERTIFICATION

This civil action, brought *pro se* by Plaintiff Larry Nalls, is before the Court on Plaintiff's Objections ("Second Objections," ECF No. 37) to the Magistrate Judge's Decision and Order (ECF No. 35) Striking as Untimely Plaintiff's prior Objections ("First Objections," ECF No. 34) to the Magistrate Judge's Supplemental Report and Recommendations on the merits (ECF No. 33).

Plaintiff's Second Objections are timely.  In them he claims his First Objections were in fact timely filed because the Supplemental Report to which they were addressed was hand-delivered to him on Sunday, April 10, 2022, at 9:50 A.M. by a Montgomery County Jail Officer Myers (ECF No. 37, PageID 267).  By his calculation, the Objections were then due April 28, 2022, and were in fact filed three days prior to that on April 25, 2022.

The Magistrate Judge's calculation of the due date was based on Fed.R.Civ.P. 5(b)(2)(C) which provides that service by mail is complete upon mailing.  The docket shows that the Clerk

mailed the Supplemental Report to Plaintiff on April 4, 2022.  Service was therefore complete on that date.  Under Fed.R.Civ.P. 72, Plaintiff had fourteen days to serve objections, extended to seventeen days because service was by mail.  This made the due date for filing objections April 21, 2022.  As the Magistrate Judge found and Plaintiff admits, the Second Objections were not filed until April 25, 2022.  They were therefore four days later and properly stricken by the Magistrate Judge.  Plaintiff's Second Objections are **OVERRULED**.

Plaintiff's First Objections were, however, timely.

Under Fed.R.Civ.P. 72(b), the District Judge is to review *de novo* any portion of a Magistrate Judge report and recommendation to which substantial objection has been made. Where matters are referred to the Magistrate Judge for the exercise of discretion, review is for abuse of discretion.  Magistrate Judge findings of fact may be reversed only if clearly erroneous. Magistrate Judge errors of law are, however, reviewed *de novo*.

The Court has reviewed the findings and conclusions of the Magistrate Judge and has considered *de novo* all of the filings in this case with particular attention to the issues as to which Petitioner has lodged objections.  Having done so, the Court determines that the Magistrate Judge's recommendations should be adopted for the reasons he has given.

In particular, the claims against Attorney Michael Brush are barred by *Heck v. Humphrey,* 512 U.S.477 (1994).  The claims against the Rion Law Firm are barred by *res judicata*.  The claims against Attorney Anthony Abboud are dismissed for improper service of process.  The claims against the State of Ohio are barred by the Eleventh Amendment and Plaintiff's failure to obtain service of process on the State.  Plaintiff's objections to transfer of the Magistrate Judge reference of this case to Magistrate Judge Merz are overruled.  The Clerk is directed to enter judgment dismissing all claims against the Rion Law Firm with prejudice.  The claims against Anthony

Abboud and the State of Ohio are dismissed without prejudice.  Although Plaintiff has named Attorney Richard Nystrom or his estate as a Defendant, he has never obtained or attempted to obtain service of process; the Clerk will dismiss those claims without prejudice for want of prosecution.

The Clerk is **ORDERED** to enter judgment as set forth herein.  The Court hereby certifies to the Sixth Circuit Court of Appeals that any appeal from this Order would be objectively frivolous.

**Class Certification**

Plaintiff has moved to certify a class in this case, presumably because he solicited contributions to the filing fee from other persons who indicated they wished to join the case.  He has defined the class as follows:  those persons who, for over at least the last thirty-three years, have been victimized by the collusion among Montgomery County Judges and private practicing attorneys who accept appointment as counsel for indigent criminal defendants and then coerce clients into accepting guilty pleas.

The number of persons who have been appointed private counsel in criminal cases in Montgomery County in the past thirty-three years is obviously so numerous that joinder is not practicable, satisfying Fed.R.Civ.P. 23(a)(1).  However, Plaintiff has not demonstrated what questions of law and fact they have in common.  In a sense, their claims have in common the questions whether they were victims of intentional legal malpractice by the private criminal bar, but the evidence submitted so far consists solely of Plaintiff's uncorroborated assertions.  Plaintiff has also not shown his own claims are typical of those of the class or that he can adequately and

fairly represent them.  The Motion to Certify a Class is **DENIED**.


        **DONE** and **ORDERED** in Dayton, Ohio, this Thursday, May 5, 2022.

                                        s/Thomas M. Rose
                            _____
                                    THOMAS M. ROSE
                         UNITED STATES DISTRICT JUDGE