# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY NALLS,

        Plaintiff,    :    Case No. 3-21-cv-238

 - vs -                            District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

                                            :

        Defendants.

## REPORT AND RECOMMENDATION ON MOTION FOR RELIEF FROM JUDGMENT

This civil action, brought *pro se* by Plaintiff Larry Nalls, is before the Court on Plaintiff's Motion for Relief from Judgment (ECF No. 40). As a post-judgment motion, it is deemed referred to the assigned Magistrate Judge for report and recommendation under 28 U.S.C. § 636(b)(3), rather than an initial decision. *McLeod, Alexander, Powel & Appfel, P.C. v. Quarles*, 925 F.2d 853 (5th Cir. 1991). Because Nalls has already appealed from the judgment, Fed.R.Civ.P. 62.1 limits the Court's jurisdiction over the Motion. However, that Rule allows the Court to deny the Motion, which is the appropriate disposition.

The final judgment in this case was entered May 5, 2022 (ECF No. 38). In entering judgment, the Court adopted the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 33), accepting the Magistrate Judge's striking of Plaintiff's first objections to that Supplemental Report because it was untimely filed. Plaintiff had objected to the Order striking the first objections by claiming the first objections were timely filed.

1

The Objections were in fact filed April 25, 2002.  Plaintiff calculated his filing deadline as April 28, 2002, counting his time as running from the date (April 10, 2022) when the Supplemental Report was handed to him by a jailer.  The Magistrate Judge struck those Objections because Fed.R.Civ.P. 5(b)(2)(C) expressly provides that service of a document by mail to a person's last known address is complete upon mailing, not when the person actually gets the mail.  Plaintiff was given express notice of this rule when the Supplemental Report was served on him:  The Court wrote in its Notice Regarding Objections that "service is complete when the document is mailed, not when it is received." (ECF No. 33, PageID 241).  In entering judgment, District Judge Rose expressly adopted the Magistrate Judge's calculation of the due date (April 21, 2022)(ECF No. 38, 269).

Although Judge Rose adopted the Magistrate Judge's calculation of the due date, Plaintiff asserts the calculation was a mistake and "which calculation by such a well-seasoned Federal District Magistrate Judge was not done mistakenly but, on a whim, and is an intentional, deliberate, and fraudulent misrepresentation to mislead this Court, as it did, and this Court based its ruling upon said erroneous decision." (Motion, ECF No. 40, PageID 278).  The undersigned agrees his calculation was intentional and deliberate and stands by it.  Indeed, Plaintiff offers no argument as to why it is wrong.  But where's the fraud?

Plaintiff answers that the fraud

> enabled the concealing of impropriety by the magistrate in this matter (DOC No. 34), that include, but not limited to; the two sworn affidavits of Anthony Martin detailing the threats and coercion by prosecutor Linda Howland that resulted Anthony Martin's false testimony at Plaintiffs trial; the sworn affidavit of Loretta Barton detailing the visit to the Office of the Public Defender, Charles Grove, where together, Loretta Barton and Fanita Toney, both gave statements negating Plaintiffs guilt after each had spoken to their friend, Linda Stark, who is the alleged victim, detailing prosecutor Linda Howland, who turned Loretta Barton and Fanita Toney away

2

> from Plaintiff's trial then called each, via telephone, threating [sic] they would be "in trouble for drug involvement" with Plaintiff and do "jail time" if either come to testify at Plaintiffs rescheduled trial, and because Loretta did not want to get in trouble for drugs and do jail time, she did not appear to testify at Plaintiffs trial.

(Motion, ECF No. 40, PageID 278-276 [These pages of the Motion were apparently scanned out of order.]) The referenced Affidavits of Martin and Barton are attached to the stricken objections and identified as follows:

1. ECF No. 34-2 purports to be an Affidavit of Anthony Lee Martin dated June 12, 1998, and executed in the Montgomery County Jail where Martin was awaiting trial on domestic violence charges. Martin claims to have been personally present during the events that led to the 1989 conviction of Nalls for the rape of Linda Stark. He arrived while Linda was "giving Larry oral sex and she appeared to me to be doing so voluntarily" although he did see Larry hit her over something else. He admits he perjured himself by testifying at Nalls' trial that Larry forced Linda to have sex by threatening to hit her. He claims he lied on the stand because the police (unidentified) threatened that he would otherwise be charged with rape. He admits he did have sex with Linda Stark on this occasion, but claims she initiated it. He states he believes the prosecutor (unidentified) knew about the police threats, but says he is not sure.

2. ECF No. 34-3 purports to be the September 10, 2001, Affidavit of Martin who claims he was told by Assistant County Prosecutor Linda Howland in 1989 to testify that Nalls forced Stark to have sex.

3. ECF No. 34-4 purports to be the March 4, 2011, Affidavit of Loretta Barton who claims to have known Nalls and Stark for twenty-five years. She avers that September 7, 1989, after Nalls' arrest and before his trial, Stark said to her that Larry "really didn't rape me" but didn't want to retract the charge because she feared Nalls would beat her up. Despite being offered fifty dollars

3

by Stark not to reveal the conversation to Nalls' lawyer, Chuck Grove, she did so anyway. Unsubpoenaed, she showed up on the trial date, only to find the trial had been continued. After that, but before trial actually occurred, she received a call from an unidentified woman who purported to be from the prosecutor's office who warned her she would be in serious trouble and possibly go to jail for involvement with drugs with Larry Nalls. Since it was true that she had done drugs with Nalls, she took the warning seriously and did not go to his trial.

These Affidavits show on their face that they were generated over a three-year period, but the copies filed in this Court do not show that they were ever filed in another court or in Nalls' prior habeas corpus case in this Court. It is anybody's guess how these Affidavits show impropriety by the undersigned as Nalls argues (Motion, ECF No. 40, PageID 278).

The Motion for Relief from Judgment should be DENIED.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

June 6, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge